### THOMAS A. MORGAN *v.* HENRY WOOD.

**Pleadings—Demurrer—Continuance—Instructions.**
> A demurrer to the reply, going back to the answer in which the set off is relied upon, raises the question of the sufficiency of the answer.

**Continuance.**
> A continuance on the ground of surprise on the part of defendant will not be allowed where such defendant has not been diligent in procuring his evidence.

**Instructions.**
> An instruction to the effect that the plaintiff is entitled to recover as a part of his damages for loss of time and loss of employment, is erroneous when there is no averment in his complaint of any such loss.

**APPEAL FROM THE DAVIESS CIRCUIT COURT.**

September 30, 1874.

OPINION BY JUDGE PRYOR:

The demurrer to the reply going back to the answer in which the set-off is relied on, raises the question as to the sufficiency of this pleading. The allegation in the answer is "that the plaintiff is indebted to the defendant in the sum of $697, for money advanced or paid for his plaintiff's use," etc., omitting the averment that the money was paid at the instance and request of the plaintiff.

The reply traverses the allegation that the money was paid for the use of the plaintiff, except the amounts admitted. This should

have been held to be as good pleading as that of the original answer. The amended reply, however, cures the defect in the original answer by denying that certain items of money paid, were paid at the special instance and request of the plaintiff, thus making the issue on this branch of the case, upon which the appellee could, by proper proof, be made responsible. This amended reply is also evasive, and fails to deny the allegations of indebtedness, etc. One of the items is that the plaintiff received from the defendant 1,000 pounds of bacon. The reply denies that he got 1,000 pounds, but claims that he did get 500 pounds; whether he got more than 500 pounds is not stated. He may have received 1,000 pounds, whilst he is only admitting 500. If the pleading, after denying the delivery of 1,000 pounds, had said that plaintiff received 500 pounds, and no more, this would have been sufficient, and as to the items for money, had denied that the defendant paid to A for the plaintiff, or his use at his, the plaintiff's, request, the sum of forty-three dollars or any part thereof, the pleading would have been good.

The court acted properly in refusing to continue the cause by reason of the alleged surprise on the part of the defendant, as it was the latter's duty to have had his witnesses present when the case was called for trial upon all questions affecting the issue that might be made during its progress. He had, in fact, taken depositions sustaining his own character and assailing that of the plaintiff, and must have known after making the attack upon plaintiff's character, that his own would be impeached if it could be done, and besides, the depositions were produced and read upon the hearing that constituted his grounds for a continuance. He was also living in the country when the case was tried, and he could have called on his neighbors or those knowing him to testify by the exercise of any sort of diligence. The instructions were proper, except that part of instruction No. 1 in which the jury were told that the plaintiff was entitled to recover such damages as may have resulted to the plaintiff from having to leave his home, and loss of employment, etc. There is certainly no allegation of any loss of employment made in the petition and no proof of any such damage upon the trial. It was therefore error on the part of the court in instructing the jury as to the right of recovery by reason of any such loss. It may be that the evidence in the cause as to the value of the crop authorized the jury to render the verdict they did; still there was conflicting proof as to the value of the crop, and the verdict might have been for a less amount or more; still this court is un-

able to determine in what manner the jury considered the loss of employment, and its effect upon them when estimating the damages the plaintiff had sustained. If considered by the jury at all, and we must perceive it was, as the court here instructed them in regard to it, it was error, and for this reason the judgment of the court below is reversed and cause remanded with directions to award to the defendant a new trial, and to allow either party to amend their pleadings, and for further proceedings consistent with this opinion.

*L. P. Little, James H. McHenry, for appellant.*
*Owen & Ellis, for appellee.*